E-FILED
Friday, 07 October, 2005   04:47:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENT P. AND JULIE A. FLESNER d/b/a CAMP POINT SEED CO., <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** |

Plaintiff Pioneer Hi-Bred International, Inc. (hereinafter "Pioneer") for its Complaint against Kent P. and Julie A. Flesner d/b/a Camp Point Seed Co., states and alleges as follows:

## PARTIES

1.  Pioneer is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in Polk County, Iowa. Pioneer is authorized to do and does business in the State of Illinois. Pioneer is in the business of, among other things, developing, manufacturing, licensing and selling agricultural products, including soybean seed.

2.  Kent P. and Julie A. Flesner d/b/a Camp Point Seed Co., on information and belief, are residents and citizens of the State of Illinois. Kent P. and Julie A. Flesner d/b/a Camp Point Seed Co., on information and belief, are in the business of among other things cleaning and selling soybean seed.

1

## JURISDICTION AND VENUE

3.  The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Plant Variety Protection Act, 7 U.S.C. § 2321, *et seq.* ("PVPA").

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5.  This Court has personal jurisdiction over Kent P. and Julie A. Flesner d/b/a Camp Point Seed Co. because they are, on information and belief, residents and citizens of the State of Illinois, and/or because Kent P. and Julie A. Flesner d/b/a Camp Point Seed Co. (hereinafter collectively referred to as "CPSC") operate(s) in the State of Illinois.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## FACTUAL BACKGROUND

7.  On December 22, 1998, United States Patent No. 5,852,226 ("the '226 Patent"), entitled Soybean Variety 93B82, was duly and legally issued by the United States Patent and Trademark Office. Pioneer is the owner by assignment of all right, title and interest to the '226 Patent. A true and correct copy of the '226 Patent is attached as Exhibit A to this Complaint.

8.  On May 8, 2001, Certificate of Plant Variety Protection No. 9800072 ("the 93B82 PVP Certificate"), pertaining to Soybean Variety 93B82, was duly and legally issued by the United States Department of Agriculture. Pioneer is the owner of all right, title, and interest in the 93B82 PVP Certificate. A true and correct copy of the 93B82 PVP Certificate is attached as Exhibit B to this Complaint.

9. In or about late 2004, Pioneer received reports indicating CPSC was suspected of cleaning patented Pioneer seed (either from a previous purchase or a previous harvest) and (re)selling it as "brown bag" seed.

10. Pioneer investigated the reports, and it eventually sent a letter by certified mail to CPSC, informing CPSC of Pioneer's patent and other rights with respect to Pioneer's seed and the protected soybean varieties. CPSC refused delivery of the letter. A true and correct copy of the letter (with the attachment to the letter) is attached as Exhibit C to this Complaint.

11. Pioneer hired a private investigator to investigate whether CPSC was unlawfully cleaning and/or (re)selling protected Pioneer soybean seed varieties. The investigator obtained assistance from a local farmer to make contact with CPSC, and the farmer sought to purchase Pioneer non-GMO soybean seed from CPSC. CPSC represented that it had "cleaned" Pioneer Soybean Variety 93B82 seed available for purchase, and it offered to sell the seed to the farmer.

12. The farmer ultimately purchased the soybean seed from CPSC. In connection with verbal assurances by CPSC, the farmer obtained a receipt from CPSC indicating that the cleaned soybean seed purchased by him was Pioneer Soybean Variety 93B82. A true and correct copy of the receipt issued by CPSC to the farmer is attached as Exhibit D to this Complaint.

13. The seed purchased from CPSC was transported and stored by the farmer for sampling by a representative from the Illinois Crop Improvement Association, Inc., who took samples from the seed bags purchased from CPSC.

14. Pioneer arranged for a seed sample taken by the Illinois Crop Improvement Association, Inc. to be sent to a laboratory in Canada for testing. The laboratory in Canada received the sample in good order and performed tests on the sample from Illinois and other

3

samples from Pioneer. The results of the tests performed by the laboratory confirmed that the seed sold by CPSC to the farmer was in fact Pioneer Soybean Variety 93B82, as represented by CPSC to the farmer verbally and in writing.

### COUNT I: PATENT INFRINGEMENT – PATENT NO. 5,852,226

15. Pioneer realleges and incorporates by reference paragraphs 1 through 14 of this Complaint as if fully stated herein.

16. CPSC has infringed and is believed to be infringing the '226 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering for sale in the United States, without authority, seed that falls within the scope of the claims of the '226 Patent. CPSC was not authorized to and did not have a license allowing it to engage in the infringing conduct.

17. On information and belief, CPSC's infringement of the '226 Patent has taken place and is continuing to take place with knowledge of the '226 Patent and is willful and deliberate.

18. Pioneer has given notice to the public that its Soybean Variety 93B82 seed is patented by, *inter alia*, marking its Soybean Variety 93B82 seed bags with language indicating the variety is protected by a patent, thereby complying with 35 U.S.C. § 287(a).

19. As a result of CPSC's infringing activities, Pioneer has been damaged and will be irreparably injured unless and until such infringing activities are enjoined by this Court.

20. Pursuant to 35 U.S.C. § 283, Pioneer is entitled to injunctive relief in accordance with the principles of equity to prevent the future infringement of rights secured by the '226 Patent.

21.     Pursuant to 35 U.S.C. § 284, Pioneer is entitled to damages adequate to compensate for the infringement by CPSC, but in no event less than a reasonable royalty for the use made of Soybean Variety 93B82 by CPSC, together with interest and costs as fixed by the Court. Pioneer is entitled to treble damages under 35 U.S.C. § 284 based on the nature of the wrongful conduct of CPSC as described herein.

22.     Pursuant to 35 U.S.C. § 285, Pioneer is entitled to recover its attorneys' fees, along with related expenses and costs.

WHEREFORE, Pioneer respectfully requests this Court:

A.  To find and enter judgment that CPSC has infringed the '226 Patent;

B.  To enter orders preliminarily and permanently enjoining CPSC, and its respective officers, agents, servants, privies, and employees, and all persons in active concert or participation with any of them, from infringing the '226 Patent;

C.  To award Pioneer its damages in an amount sufficient to compensate it for CPSC's infringement of the '226 Patent, but in no event less than a reasonable royalty for the use made of Soybean Variety 93B82 by CPSC, together with pre-judgment and post-judgment interest and costs and treble damages under 35 U.S.C. § 284;

D.  To declare this case to be "exceptional" under 35 U.S.C. § 285, and to award Pioneer its attorneys' fees, along with related expenses and costs incurred in this action; and

E.  To award Pioneer such other and further relief as this Court deems just and proper.

**COUNT II: VIOLATION OF PVPA - CERTIFICATE NO. 9800072**

23.     Pioneer realleges and incorporates by reference paragraphs 1 through 22 of this Complaint as if fully stated herein.

24.     CPSC has violated and is believed to be violating Pioneer's rights under the 93B82 PVP Certificate, in violation of 7 U.S.C. §§ 2402, 2483, and 2541, by conditioning,

5

stocking, offering for sale, exposing for sale, marketing, selling, dispensing, delivering, and transferring Soybean Variety 93B82 as described herein, and/or by instigating or actively inducing such conduct. CPSC was not authorized to and did not have a license allowing it to engage in this wrongful infringing conduct. This infringing conduct was not undertaken by CPSC for the purpose of plant breeding or bona fide research.

25. On information and belief, CPSC's violation of Pioneer's rights under the 93B82 PVP Certificate has taken place and is continuing to take place with knowledge of Pioneer's rights under the 93B82 PVP Certificate and is willful and deliberate.

26. Pioneer has given notice to the public that its Soybean Variety 93B82 seed is protected under the PVPA by, *inter alia*, marking its Soybean Variety 93B82 seed bags with language indicating that the variety is protected, thereby complying with 7 U.S.C. § 2567.

27. As a result of CPSC's wrongful conduct as described herein, Pioneer has been damaged and will be irreparably injured unless and until such conduct is enjoined by this Court.

28. Because CPSC conditioned, stocked, offered, exposed, marketed, sold, dispensed, delivered, and transferred the seed at issue under the name "93B82" (which is shown in the 93B82 PVP Certificate), it is presumed that the seed is Pioneer Seed Variety 93B82 under 7 U.S.C. § 2561.

29. Pursuant to 7 U.S.C. § 2563, Pioneer is entitled to injunctive relief in accordance with the principles of equity to prevent future infringement of Pioneer's rights under the 93B82 PVP Certificate.

30. Pursuant to 7 U.S.C. § 2564, Pioneer is entitled to damages adequate to compensate for the infringement by CPSC, but in no event less than a reasonable royalty for the

use made of Soybean Variety 93B82 by CPSC, together with interest and costs as fixed by the Court. Pioneer is entitled to treble damages under 7 U.S.C. § 2564(b) based on the nature of the wrongful conduct of CPSC as described herein.

31.     Pursuant to 7 U.S.C. § 2526, Pioneer is entitled to recover its attorneys' fees, along with related expenses and costs.

WHEREFORE, Pioneer respectfully requests this Court:

A.  To find and enter judgment that CPSC has violated Pioneer's rights under the 93B82 PVP Certificate;

B.  To enter orders preliminarily and permanently enjoining CPSC, and its respective officers, agents, servants, privies, and employees, and all persons in active concert or participation with any of them, from violating Pioneer's rights under the 93B82 PVP Certificate;

C.  To award Pioneer its damages in an amount sufficient to compensate it for CPSC's violation of Pioneer's rights under the 93B82 PVP Certificate, but in no event less than a reasonable royalty for the use made of Soybean Variety 93B82 by CPSC, together with pre-judgment and post-judgment interest and costs and treble damages under 7 U.S.C. § 2564(b);

D.  To declare this case to be "exceptional" under 7 U.S.C. § 2565, and to award Pioneer its attorneys' fees, along with related expenses and costs incurred in this action; and

E.  To award Pioneer such other and further relief as this Court deems just and proper.

Dated: October 7, 2005

/s/ John Mandler
John P. Mandler, *Lead Counsel*
Bar #194438, Minnesota
(Admitted to this Court)
    E-mail: *jmandler@faegre.com*
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

                                                      -and-

Jerrold Stocks
WINTERS, FEATHERSTUN, GAUMER,
  POSTLEWAIT, STOCKS & FLYNN
225 N. Water Street, Suite 200
P.O. Box 1760
Decatur, Illinois 62525
Telephone: (217) 429-4453
Facsimile: (217) 425-8892

Of counsel:

Kimberly J. Walker
  E-mail: *kwalker@faegre.com*
Ross W. Johnson
  E-mail: *rwjohnson@faegre.com*
FAEGRE & BENSON LLP
801 Grand Avenue, Suite 3100
Des Moines, IA 50309-8002
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

                                                **ATTORNEYS FOR PLAINTIFF,
PIONEER HI-BRED INTERNATIONAL,
INC.**

DSMS1:40059637.02

8

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the fling and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
PIONEER HI-BRED INTERNATIONAL, INC.,
an Iowa Corporation

### DEFENDANTS
KENT P. FLESNER and JULIE A. FLESNER,
d/b/a CAMP POINT SEED COMPANY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Polk County, Iowa
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John P. Mandler, Faegre & Benson LLP, 90 S. 7th St., Suite 2000
Minneapolis, MN 55402-3901  (612) 766-1600

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN -X- IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 162 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☒ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefit | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW(405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS -Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES IN DIVERSITY.)

35 U.S.C. Section 1, et seq., patent infringement; and 7 U.S.C. Section 2321, et seq., violation of rights under Plant Variety Protection Act.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____