UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENT P. AND JULIE A. FLESNER, d/b/a CAMP POINT SEED CO., <br><br> Defendants. | Case No.: 3:05-cv-03258-JES-CHE |

### JOINT MOTION FOR CONSENT DECREE

COME NOW Pioneer Hi-Bred International, Inc. ("Pioneer"), and Kent P. and Julie A. Flesner, d/b/a Camp Point Seed Company (collectively "CPSC"), and for their Joint Motion for Consent Decree state as follows:

1. Pioneer is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in Polk County, Iowa.

2. Pioneer is authorized to do and does business in the state of Illinois including, among other things, developing, manufacturing, licensing and selling agricultural products, including seed.

3. Kent P. and Julie A. Flesner are residents and citizens of the State of Illinois and CPSC is or was in the business of among other things cleaning and selling seed.

4. On December 22, 1998, United States Patent No. 5,852,226 ("the '226 Patent"), entitled Soybean Variety 93B82, was duly and legally issued by the United States Patent and

-2-

Trademark Office and Pioneer is the owner by assignment of all right, title and interest to the '226 Patent.

5. On May 8, 2001, Certificate of Plant Variety Protection No. 9800072 ("the 93B82 PVP Certificate"), pertaining to Soybean Variety 93B82, was duly and legally issued by the United States Department of Agriculture and Pioneer is the owner of all right, title, and interest in the 93B82 PVP Certificate.

6. Pioneer has used and continues to use the trademark PIONEER to identify and distinguish its company's seed products from other's products.

7. The trademark PIONEER is registered on the United States Patent and Trademark Office's Principal Register, thereby giving Pioneer the exclusive right to use the trademark in commerce in connection with its company's seed products.

8. Pioneer's seed products are sold under license which provides, among other things, that the only permissible use of the seed is for the production of forage grain for feeding or processing, and which expressly prohibits use of the seed for research or breeding, and the sale or resale of the seed.

9. Pioneer investigated reports regarding CPSC and purchased a quantity of soybean seed from CPSC (hereinafter, the "Purchase").

10. Samples of seed from the Purchase were taken and tested, confirming that the seed sold by CPSC was Pioneer Soybean Variety 93B82.

11. Pioneer filed the instant lawsuit asserting that CPSC has infringed the '226 Patent in violation of the United States Patent Act, 35 U.S.C. § 101 *et seq.*, by making, using, selling, and/or offering for sale in the United States, without authority, seed that falls within the scope of the claims of the '226 Patent.

12. Pioneer filed the instant lawsuit asserting that CPSC has violated Pioneer's rights under the 93B82 PVP Certificate, in violation of the Plant Variety Protection Act, 7 U.S.C. §§ 2321 *et seq.*, by conditioning, stocking, offering for sale, exposing for sale, marketing, selling, dispensing, delivering, and transferring Soybean Variety 93B82 as described herein, and/or by instigating or actively inducing such conduct.

13. Pioneer filed the instant lawsuit asserting that CPSC has violated the license under which the seed was sold by using the seed for breeding and/or by selling and/or reselling seed.

14. Pioneer filed the instant lawsuit asserting that CPSC intentionally obtained and illegally propagated Pioneer Soybean Variety 93B82, and sold the variety, exercising unauthorized dominion and control over Pioneer's soybean variety and/or technology.

15. The actions described above, if committed, constitute a violation of Pioneer's patent, PVPA, license, and trademark rights.

16. CPSC denies that it knowingly sold Pioneer Soybean Variety 93B82, but acknowledges that testing has confirmed that the seed sold was Pioneer Soybean Variety 93B82.

17. The parties have now agreed to compromise and settle all of their disputes between them related in any respect to the Purchase and its subject matter.

18. Pursuant to the parties' agreement and compromise, the parties' request that the Court enter a Consent Decree in the form attached hereto as Exhibit A. See <u>Sportmart, Inc. v. Wolverine World Wide, Inc.</u>, 601 F.2d 313, 316 (7th Cir. 1979) (regarding the enforcement of a consent decree between private litigants and the application of the same principals enunciated for the enforcement of consent decrees entered into with governmental agencies).

19. The Consent Decree provides for a permanent injunction against CPSC to prevent violations of Pioneer's PVPA, Patent, Trademark, and other rights. The Consent Decree also

provides an exclusive mechanism for the monitoring of CPSC's compliance by Pioneer. Finally, the Consent Decree provides a mechanism for its enforcement, including liquidated damages.

WHEREAS, the parties, through their authorized representatives, request that the Court enter a Consent Decree in the form attached hereto as Exhibit A.

December 27, 2006

/s/ Ross W. Johnson
Ross W. Johnson
  E-mail: *rwjohnson@faegre.com*
Jacob D. Bylund
  E-mail: *jbylund@faegre.com*
FAEGRE & BENSON LLP
801 Grand Avenue, Suite 3100
Des Moines, IA 50309-8002

John P. Mandler, *Lead Counsel*
Bar #194438, Minnesota
(Admitted to this Court)
  E-mail: *jmandler@faegre.com*
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

-and-

Jerrold Stocks
  E-mail: jstocks@family-net.net
WINTERS, FEATHERSTUN, GAUMER,
  POSTLEWAIT, STOCKS & FLYNN
225 N. Water Street, Suite 200
P.O. Box 1760
Decatur, Illinois 62525

**ATTORNEYS FOR PLAINTIFF**

/s/ William Graham
William Graham
  E-mail: wwg@grahamlawiowa.com
THE GRAHAM LAW FIRM
630 Equitable Building
604 Locust St.
Des Moines, IA 50309

-and-

Susan Brandt
LIVINGSTON BARGER BRANDT &
SCHROEDER
115 W. Jefferson St., Suite 400
P.O. Box 3457
Bloomington, IL 61702-3457

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of a the foregoing instrument was served upon the attorneys of record for each party to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his/her last known address as shown below, with postage fully paid, and by depositing said envelope in a United States Post Office depository on the 27th day of December, 2006.

/s/ Ross W. Johnson

Susan Brandt
LIVINGSTON BARGER BRANDT & SCHROEDER
115 W. Jefferson St., Suite 400
P.O. Box 3457
Bloomington, IL 61702-3457

William Graham
THE GRAHAM LAW FIRM
630 Equitable Building
604 Locust St.
Des Moines, IA 50309

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENT P. AND JULIE A. FLESNER, d/b/a CAMP POINT SEED CO., <br><br> Defendants. | Case No.: 3:05-cv-03258-JES-CHE |

## CONSENT DECREE

This Consent Decree, effective as of this __ day of December, 2006 (the "Consent Decree"), is between Pioneer Hi-Bred International, Inc. ("Pioneer"), and Kent P. and Julie A. Flesner, d/b/a Camp Point Seed Company, including their employees, agents, and assigns (collectively "CPSC").

WHEREAS, Pioneer is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in Polk County, Iowa.

WHEREAS, Pioneer is authorized to do and does business in the state of Illinois including, among other things, developing, manufacturing, licensing and selling agricultural products, including seed.

WHEREAS, Kent P. and Julie A. Flesner are residents and citizens of the State of Illinois and CPSC is or was in the business of among other things cleaning and selling seed.

WHEREAS, on December 22, 1998, United States Patent No. 5,852,226 ("the '226 Patent"), entitled Soybean Variety 93B82, was duly and legally issued by the United States Patent and Trademark Office and Pioneer is the owner by assignment of all right, title and interest to the '226 Patent.

WHEREAS, on May 8, 2001, Certificate of Plant Variety Protection No. 9800072 ("the 93B82 PVP Certificate"), pertaining to Soybean Variety 93B82, was duly and legally issued by the United States Department of Agriculture and Pioneer is the owner of all right, title, and interest in the 93B82 PVP Certificate.

WHEREAS, Pioneer has used and continues to use the trademark PIONEER to identify and distinguish its company's seed products from other's products.

WHEREAS, the trademark PIONEER is registered on the United States Patent and Trademark Office's Principal Register, thereby giving Pioneer the exclusive right to use the trademark in commerce in connection with its company's seed products.

WHEREAS, Pioneer's seed products are sold under license which provides, among other things, that the only permissible use of the seed is for the production of forage grain for feeding or processing, and which expressly prohibits use of the seed for research or breeding, and the sale or resale of the seed.

WHEREAS, Pioneer investigated reports regarding CPSC and purchased a quantity of soybean seed from CPSC (hereinafter, the "Purchase").

WHEREAS, samples of seed from the Purchase were taken and tested, confirming that the seed sold by CPSC was Pioneer Soybean Variety 93B82.

WHEREAS, Pioneer filed the instant lawsuit asserting that CPSC has infringed the '226 Patent in violation of the United States Patent Act, 35 U.S.C. § 101 *et seq.*, by making, using, selling, and/or offering for sale in the United States, without authority, seed that falls within the scope of the claims of the '226 Patent.

WHEREAS, Pioneer filed the instant lawsuit asserting that CPSC has violated Pioneer's rights under the 93B82 PVP Certificate, in violation of the Plant Variety Protection Act, 7 U.S.C. §§ 2321 *et seq.*, by conditioning, stocking, offering for sale, exposing for sale, marketing, selling, dispensing, delivering, and transferring Soybean Variety 93B82 as described herein, and/or by instigating or actively inducing such conduct.

WHEREAS, Pioneer filed the instant lawsuit asserting that CPSC has violated the license under which the seed was sold by using the seed for breeding and/or by selling and/or reselling seed.

WHEREAS, Pioneer filed the instant lawsuit asserting that CPSC intentionally obtained and illegally propagated Pioneer Soybean Variety 93B82, and sold the variety, exercising unauthorized dominion and control over Pioneer's soybean variety and/or technology.

WHEREAS, the actions described above constitute a violation of Pioneer's patent, PVPA, license, and trademark rights.

WHEREAS, CPSC denies that it knowingly sold Pioneer Soybean Variety 93B82, but acknowledges that testing has confirmed that the seed sold was Pioneer Soybean Variety 93B82.

WHEREAS, the parties have now agreed to compromise and settle all of their disputes between them related in any respect to the Purchase and its subject matter.

NOW, THEREFORE, based on the mutual promises and covenants exchanged, the parties agree and this Court orders as follows:

1. Permanent Injunction Against CPSC

CPSC agrees and this Court orders that CPSC will not engage, or permit any employee or agent to engage, in the following:

a. Any conduct which infringes upon any Pioneer Patent, including but not limited to, the '226 Patent;

b. Any conduct which violates Pioneer's rights under any PVP Certificate, including, but not limited to, the 93B82 PVP Certificate;

c. Any conduct which infringes upon Pioneer's rights concerning the use of its PIONEER trademark;

d. Any conduct which violates any license agreement under which Pioneer seed is or has been sold, including, but not limited to, the license agreements covering Soybean Variety 93B82; and

e. The knowing conversion of any Pioneer seed to his own use without authorization from Pioneer.

2. Monitoring and Periodic Audits by Pioneer

CPSC agrees and this Court orders that Pioneer shall have the right to inspect CPSC's business records to determine compliance with this Consent Decree. A notice of inspection shall be sent to CPSC via certified mail. CPSC shall have 30 days from the date the notice of inspection is received to mail the requested information to Pioneer. Costs of producing the requested information shall be borne by CPSC. CPSC further agrees and this Court orders that Pioneer shall have the right, with two (2) business days notice to CPSC and its counsel, to enter upon CPSC's premises for inspecting said premises for compliance with the terms of this Consent Decree. During such an inspection, which shall last no longer than 4 hours, Pioneer shall have the right to take seed samples, take photographs, and to make copies of CPSC's records. Pioneer's rights pursuant to this paragraph shall expire on January 1, 2010. Except as provided in this paragraph, Pioneer will not contact CPSC or enter onto CPSC property during this period.

3. Liquidated Damages

CPSC agrees and this Court orders that in the event that Pioneer determines CPSC has violated this Consent Decree through the unauthorized propagation, offer or sale of any Pioneer seed products, at Pioneer's election, CPSC shall pay to Pioneer the amount of Fifty

Dollars ($50.00) per bushel as liquidated damages. The parties agree that harm caused to Pioneer from CPSC's breach of this Consent Decree would be difficult to accurately estimate at this time and the amount provided for in this paragraph represents a reasonable forecast of the harm caused by the breach.

4. <u>Payment of Attorney's Fees and Costs by CPSC</u>

CPSC agrees and this Court orders that in the event any payment required under the Confidential Addendum to Consent Decree is not made to Pioneer, CPSC shall be liable for reasonable fees and expenses incurred by Pioneer in connection with any claim to enforce the Confidential Addendum to Consent Decree, including, but not limited to, attorney's fees and costs incurred.

5. <u>Continuing Jurisdiction</u>

This litigation will be terminated and placed within the closed matters of this Court. However, the Court will retain jurisdiction over this matter to enforce this Consent Decree, as may be necessary.

WHEREAS, the parties, through their authorized representatives, have requested and agreed to this Consent Decree which is hereby ordered this day to be effective immediately.

ENTERED: December __, 2006

_____

Honorable _____

U. S. District Judge

Consent Decree Hereby Requested By:

/s/ Ross W. Johnson
Ross W. Johnson
   E-mail: *rwjohnson@faegre.com*
Jacob D. Bylund
   E-mail: *jbylund@faegre.com*
FAEGRE & BENSON LLP
801 Grand Avenue, Suite 3100
Des Moines, IA 50309-8002

John P. Mandler, *Lead Counsel*
Bar #194438, Minnesota
(Admitted to this Court)
   E-mail: *jmandler@faegre.com*
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

-and-

Jerrold Stocks
   E-mail: jstocks@family-net.net
WINTERS, FEATHERSTUN, GAUMER,
   POSTLEWAIT, STOCKS & FLYNN
225 N. Water Street, Suite 200
P.O. Box 1760
Decatur, Illinois 62525


/s/ William Graham
William Graham
THE GRAHAM LAW FIRM
630 Equitable Building
604 Locust St.
Des Moines, IA 50309

-and-

Susan Brandt
LIVINGSTON BARGER BRANDT & SCHROEDER
115 W. Jefferson St., Suite 400
P.O. Box 3457
Bloomington, IL 61702-3457